Local Counsel

Risko Law Group, PLLC

Sergey Risko, Esq.

227 West Street, Suite 2121

Brooklyn, NY 11222

718 757 7734

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVTANDIL BERIASHVILI, | Civil Action No. 1:26-cv-00612 |
| | A# 249-260-320 |
| Petitioner, | **DENIED as moot.** Around the same time that this motion for TRO was filed, the Court granted partial relief on the habeas petition and ordered the government not to move petitioner to any facility outside of the Southern District of New York, Eastern District of New York, or Distict of New Jersey without prior approval from the Court. Dkt. 4. |
| v. | |
| FRANCIS LADEON, the Field Office Director of ICE–New York, KRISTI NOEM, the Secretary of the Department of Homeland Security TODD M. LYONS the Acting Director of U.S. Immigration and Customs Enforcement (ICE). | Petitioner is correct that jurisdiction is governed by his location at the time that the petition was filed. That means that if he did indeed file his petition before his transfer to the District of New Jersey, this Court would have still have jurisdiction. The Court has previously been advised by the government that a lack of bed space in facilities inside this district necessitate moving detainees to adjacent district to ensure that they have beds and access to a shower. If detention in the District of New Jersey presents a serious impediment to petitioner's access to counsel, the Court will of course consider another motion setting out the circumstances and arguments that might warrant relief. |
| Defendants | |

**PETITIONER'S EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

The Clerk of Court is respectfully directed to terminate ECF No. 3. SO ORDERED.

*/s/ Arun Subramanian*

Arun Subramanian, United States District Judge

Dated: January 27, 2026

Petitioner Avtandil Beriashvili, through counsel, respectfully moves this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure and the All Writs Act, 28 U.S.C. § 1651, for a Temporary Restraining Order ("TRO") and Preliminary Injunction enjoining Respondents from transferring Petitioner in a manner that divests this Court of jurisdiction pending final adjudication of his Petition for Writ of Habeas Corpus.

## I. INTRODUCTION

Petitioner was arrested without a warrant on January 22, 2026, while complying with a scheduled ICE check-in. At the time the Petition for Writ of Habeas Corpus was filed, Petitioner was detained at 26 Federal Plaza in New York, New York, within the jurisdiction of this Court. Jurisdiction therefore properly attached at the time of filing.

Subsequent to the filing of the habeas petition, Respondents transferred Petitioner to a long-term detention facility in New Jersey. While routine transfers for purposes of housing detainees may be permissible, a post-filing transfer cannot defeat jurisdiction that has already vested in this Court.

Any transfer that has the effect or purpose of shifting jurisdiction based solely on Petitioner's place of confinement materially interferes with Petitioner's access to counsel, severs his established ties to his community, and constitutes a transparent attempt to divest this Court of jurisdiction after habeas proceedings were initiated. Such a transfer undermines meaningful judicial review and cannot be permitted to defeat this Court's authority over a properly filed habeas petition.

## II. LEGAL STANDARD

A party seeking a TRO must demonstrate: (1) irreparable harm; and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in the movant's favor. *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010).

## III. ARGUMENT

**A. Petitioner Will Suffer Irreparable Harm Absent a TRO**

If Respondents are permitted to transfer Petitioner in a manner that strips this Court of jurisdiction, Petitioner will be deprived of his chosen and proper forum for constitutional redress. Loss of habeas jurisdiction and interference with access to counsel constitute per se irreparable harm.

While the Supreme Court has recognized the "immediate custodian" rule in habeas proceedings, it has also made clear that jurisdiction attaches at the time of filing and cannot be defeated by subsequent custodial transfers. See *Rumsfeld v. Padilla*, 542 U.S. 426 (2004). Allowing Respondents to manipulate custody after filing would permit the Executive Branch to nullify habeas review through unilateral administrative action.

**B. Petitioner Is Likely to Succeed on the Merits**

As detailed in the Petition for Writ of Habeas Corpus, Petitioner's detention violates 8 U.S.C. § 1231(a)(6) and the Fifth Amendment. Petitioner has no criminal record, has complied fully with ICE supervision for over two years, filed asylum application on time and has a pending asylum claim with Immigration Court. There has been no individualized determination that he is a flight risk or a danger to the community. Under *Zadvydas v. Davis*, 533 U.S. 678 (2001), detention must be reasonably related to the purpose of removal.

**C. The Balance of Equities and Public Interest Favor Petitioner**

Maintaining jurisdiction in the Southern District of New York preserves the status quo and imposes no meaningful burden on the Government. By contrast, permitting jurisdiction-stripping transfers would invite abuse of administrative authority and erode judicial oversight.

The public interest is served by ensuring that habeas review remains effective and that constitutional claims are not evaded through post-filing custodial manipulation.

IV. CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court:

1. Grant a Temporary Restraining Order enjoining Respondents from transferring Petitioner in a manner that divests this Court of jurisdiction;
2. Set a hearing on a Preliminary Injunction; and
3. Grant such other relief as the Court deems just and proper.

_____
Sergey Risko, Esq.